1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Alicia D Washington,                              No. CV-25-03314-PHX-DJH

10                   Plaintiff,                         **ORDER**

11   v.

12   Equifax,

13                   Defendant.

14

15        Defendant Equifax Information Services, LLC ("Defendant") removed this case

16   from the San Marcos Justice Court of Maricopa County to this Court on September 10,

17   2025.  (Doc. 1).    A week later the Court set a Rule 16 Scheduling Conference for

18   November 17, 2025.  (Doc. 8).  The parties submitted a Joint Rule 26(f) Report in advance

19   of the Conference (Doc. 10), but Plaintiff did not appear.  The Court issued an Order

20   requiring Plaintiff to show cause by November 24, 2025, why she did not appear, noting

21   that "**Failure to timely show cause may result in the dismissal of this matter for failure**

22   **to prosecute.**"  (Doc. 12 at 2).  Plaintiff has not responded to the Court's Order.

23        Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co.*

24   *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  A federal district

25   court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.  *Link v.*

26   *Wabash Railroad Co.,* 370 U.S. 626, 629–31 (1962).  In appropriate circumstances, the

27   Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.*

28   at 633. In determining whether Plaintiff's failure to prosecute warrants dismissal of the

1  case, the Court must weigh the following five factors: "(1) the public's interest in

2  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

3  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

4  merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

5  1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

6  "The first two of these factors favor the imposition of sanctions in most cases, while the

7  fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice

8  and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.

9  1990).

10         The first two factors almost always favor dismissal in most cases, and they most

11  certainly do here.  Plaintiff's failure to show up to a Court appearance and failure to respond

12  to the Court's show cause Order both delays the resolution of litigation and hinders the

13  Court in managing its docket. The third factor also weighs in favor of dismissal because

14  there is no prejudice to the Defendant if Plaintiff does not prosecute her case. The fourth

15  will always weigh against dismissal and it does so here as well.  If the case is dismissed, it

16  will not be tried on its merits. The fifth factor requires the Court to consider whether a less

17  drastic alternative is available. The less drastic alterative readily available to the Court is

18  to allow for the case to be dismissed without prejudice.  Otherwise, a dismissal for failure

19  to prosecute is normally an adjudication on the merits. *See* Fed. R. Civ Proc. 41(b).

20  Therefore, the Court will dismiss this case for failure to prosecute without prejudice.

21         Accordingly,

22         **IT IS ORDERED** that this action is **dismissed without prejudice** under Federal

23  Rule of Civil Procedure 41(b) for **failure to prosecute.**  The Clerk of Court is directed to

24  terminate this matter.

25         Dated this 1st day of December, 2025.

26                                     Honorable Diane J. Humetewa
27                                     United States District Judge

28

- 2 -